UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENNER ISMAEL MENDEZ MARROQUIN,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*,<br>Respondents. | Case No. 1:26-cv-08800 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 4 |

Petitioner Yenner Ismael Mendez Marroquin is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus and motion for a temporary restraining order, he alleges that his detention without a bond hearing violates his Fifth Amendment procedural due process rights. Dkt. No. 1 at 9–13. Shortly after filing the petition and TRO, the court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court found that the petitioner had a protected liberty interest entitling him to process prior to his detention by ICE. *See* Dkt. No. 8 (citing *Ruiz Tellez v. U.S. Gen. Att'y*, No. 1:26-CV-05004 (EJD), 2026 WL 2654571 (E.D. Cal. Sept. 9, 2026); *Camarena v. Chestnut*, No. 1:26-CV-04883 (EJD), 2026 WL 2621037 (E.D. Cal. Sept. 4, 2026); *Ramirez v. Warden of California City Detention Center*, No. 1:26-CV-04287 (EJD), 2026 WL 2444772 (E.D. Cal. Aug. 19, 2026)).

Respondents filed a timely response to the Court's order to show cause, stating that "the cases cited in [the Court's order] are not substantively distinguishable." Dkt. No. 10 at 1. Respondents also state that "the detention authority in this case is 8 U.S.C. § 1226(a)[,]" and that "the Petition should be denied to the extent that Petitioner seeks immediate release by bypassing

the procedural protections afforded him under” that statute. *Id*. at 1–2.

Petitioner alleges the following in his petition and TRO. He is a citizen of Guatemala and first entered the United States in 2017. Dkt. No. 1 at 5–6. In 2018, he filed an application for asylum and was authorized to work by USCIS pursuant to that application. *Id*. at 6, 27, 48. He was also issued a social security number and began paying taxes. *Id*. Petitioner was pulled over by local police for failing to stop at a stop sign and transferred to ICE custody in September 2026. *Id*. at 7. Though he has been detained for nearly two months, he has not received a custody redetermination hearing before an immigration judge. Records submitted by Respondents further show that Petitioner was arrested by immigration authorities in 2017 when he first entered the United States. Dkt. No. 10-1 at 4. Rather than detaining Petitioner, he was placed in removal proceedings and released into the United States. *Id*.

Pursuant to the reasoning in *Ruiz Tellez*, *Camarena*, and *Ramirez*, Petitioner is entitled to relief on his due process claim. As this Court and others have held, a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government’s affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process.” *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also*, *Ruiz Tellez*, 2026 WL 2654571, at *2 (finding liberty interest where petitioner had previously applied for DACA status); *Camarena*, 2026 WL 2621037, at *2 (same); *Ramirez*, 2026 WL 2444772, at *3 (finding liberty interest where petitioner was an asylum applicant who had been granted work authorization by USCIS). That reasoning applies here. Petitioner was previously released by immigration authorities and allowed to pursue his asylum claim in the interior of the country. Immigration authorities were aware of Petitioner’s presence in the United States during this period and choose not to detain him. Indeed, they authorized him to lawfully work in the United States. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom while his immigration case proceeded.

Petitioner was entitled to process to commensurate with this liberty interest. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his release, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The fact that § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Though Respondents argue that they have authorization to detain Petitioner under this statute, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty for the last several years as his immigration proceedings progressed, he was entitled to process prior to the deprivation of his freedom. As ICE failed to provide Petitioner with notice or a hearing prior to his detention, the appropriate remedy is immediate release.

For the reasons above, Petitioner's petition for writ of habeas corpus is GRANTED. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Petitioner's motion for a temporary restraining order is DENIED as having been rendered

United States District Court
Eastern District of California

moot by this order granting him habeas relief. The Clerk of the Court is also directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 13, 2026

EDWARD J. DAVILA
United States District Judge